**ALD-176**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1292
_____

IN RE: ROBERT DIXON,

                                         Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 1:17-cv-00072)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 2, 2019

Before: MCKEE, SHWARTZ and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed June 26, 2019)
_____

OPINION[*]
_____

PER CURIAM

     In February 2019, Robert Dixon filed this pro se mandamus petition requesting

that the District Court be compelled to rule on his 28 U.S.C. § 2254 petition. However,

on March 12, 2019, the District Court entered an order denying Dixon's § 2254 petition.

In light of the District Court's action, this mandamus petition no longer presents a live

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute

controversy.[1]  Therefore, we will dismiss it as moot.  See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.")

binding precedent.

[1] Dixon's appeal of the denial of his § 2254 petition has been docketed at C.A. No. 19-1937.